# IN THE COURT OF APPEALS OF TENNESSEE
## AT NASHVILLE
April 16, 2010 Session

## JAMES E. SCALES v. CIVIL SERVICE COMMISSION OF THE METROPOLITAN GOVERNMENT OF NASHVILLE AND DAVIDSON COUNTY AND THE METROPOLITAN POLICE DEPARTMENT

Appeal from the Chancery Court for Davidson County
No. 07-1323-1     Claudia Bonnyman, Chancellor

No. M2009-00621-COA-R3-CV - Filed May 27, 2010

Police officer's termination was upheld by the Metropolitan Civil Service Commission which found that he was engaged in prohibited secondary employment, that he had falsified his application for secondary employment, and that he had been dishonest during the Police Department's investigation of his application. Officer sought judicial review of the commission's decision and the trial court affirmed the action of the Civil Service Commission. Finding that the trial court properly entered a final judgment and properly applied the statutory standard for reviewing an agency decision, the court's judgment is affirmed.

### Tenn. R. App. P. 3 Appeal as of Right; Judgment of the Chancery Court Affirmed

RICHARD H. DINKINS, J., delivered the opinion of the court, in which FRANK G. CLEMENT, JR. and ANDY D. BENNETT, JJ., joined.

James E. Scales, Nashville, Tennessee, Pro Se.

Sue B. Cain, Director of Law, Lora Barkenbus Fox and Jeff Campbell, Assistant Metropolitan Attorneys, Nashville, Tennessee, for the appellee, Civil Service Commission of the Metropolitan Government of Nashville and Davidson County, Tennessee.

# MEMORANDUM OPINION[1]

On July 30, 2004, James Scales, a police officer with the Metropolitan Police Department ("Department") since 1992, filed an application with the State of Tennessee to obtain a private investigator's license and to register a private investigation company called Cogent Investigative Services ("CIS"). On September 13, 2004, Mr. Scales was issued a private investigator's license; he then obtained a business license from the Davidson County Clerk in the name of Cogent Investigative Services and filed a 2005 Internal Revenue Service Form 1040, Schedule C, in the name of Cogent Investigated [sic] Service and listing James C. Scales as proprietor.

On November 8, 2004, Mr. Scales submitted a secondary employment request form ("Form 150") to his Department supervisor, seeking permission to work a second job for a company he listed on the form only as "CIS." Since his responses on the form did not definitively describe the nature of the secondary employment, his supervisor asked for further clarification. Mr. Scales explained that he would be doing "computer information systems" work; he did not reveal the full name of CIS or the type of services CIS provided. The request was subsequently approved.

On February 22, 2005, Mr. Scales' supervisor called his cell phone and heard a voicemail message advertising private investigation services by a company called "Cogent Investigation"; the message referred the caller to a website. The supervisor visited the website and discovered that CIS was a company that provided various investigative services. The site contained a profile of Mr. Scales, which described him as "C.E.O. and owner of Cogent Investigative Services" and as a "13 Year Veteran Metropolitan Police Officer." The matter was referred to the Department's Office of Professional Accountability for an investigation.

On April 14, 2006, Mr. Scales received a letter charging him with multiple violations of Civil Service Commission Rule 6.7, titled "Grounds for Disciplinary Action." Specifically, Mr. Scales was charged with violating Subsection (11) regarding "violation of any written rules, policies or procedures of the department in which the employee is

---

[1] Tenn. R. Ct. App. 10 states:

This Court, with the concurrence of all judges participating in the case, may affirm, reverse or modify the actions of the trial court by memorandum opinion when a formal opinion would have no precedential value. When a case is decided by memorandum opinion it shall be designated "MEMORANDUM OPINION," shall not be published, and shall not be cited or relied on for any reason in any unrelated case.

employed,"[2] Subsection (13) regarding "dishonesty," and Subsection (26) regarding "falsifying employment or promotional application or any official document of Metro Government." After a hearing on May 4, 2006, a Department disciplinary board sent Mr. Scales a letter informing him that he was found guilty of the charges and that the disciplinary action was a 33 day suspension and termination of his employment.

Mr. Scales appealed the Department's decision to the Civil Service Commission ("Commission"), which referred the matter to an administrative law judge ("ALJ"). A hearing was held on October 9, 2006, at which Mr. Scales testified that he obtained a private investigator's license and created CIS as a "back up" in the event that he was fired for an unrelated matter,[3] that CIS was not operational, and that the only work he had performed on behalf of CIS was the creation of a website, which was only a mock website. In an Initial Order entered on January 17, 2007, the ALJ held that Mr. Scales had violated Civil Service Rule 6.7, finding that he: (1) "was dishonest and...falsified [Form 150] by listing only 'computer information systems' as his employment"; (2) engaged "in secondary employment that would create a conflict of interest, namely, private investigation work"; (3) "identified himself as a thirteen year (13) veteran of the police department on the CIS website"; (4) failed "to include a full description of the duties he would be performing and the true nature of the secondary employer's business or function" on Form 150; (5) knowingly made "a false or inaccurate written report of an official nature when he failed to disclose that CIS was not a computer information system but was actually Cogent Investigation Services"; and (6) "withheld...information when questioned by his supervisor and other member [sic] of the police department during their investigation of this matter." The ALJ upheld Mr. Scales' termination and suspension. On January 31, Mr. Scales filed a petition for reconsideration of the Initial Order, upon which the Commission held a hearing on April 10. The Commission entered an order on April 12, upholding the Initial Order and incorporating it into a Final Order.

On June 12, 2007, Mr. Scales filed a petition for judicial review in Davidson County Chancery Court; an Amended Petition for Judicial Review was filed on September 11, 2007, asserting that the Commission's decision was made upon unlawful procedure, was arbitrary

---

[2] The Departmental rules Mr. Scales was charged with violating were: (1) engagement in secondary employment presenting a conflict of interest; (2) failure to fully describe the nature of the secondary employment on Form 150; (3) filing of a false or inaccurate report; (4) failure to adhere to the law prohibiting a licensed private investigator from advertising himself as a police officer; and (5) withholding of information pertinent to an investigation of a case.

[3] Mr. Scales testified at the hearing that he secured the private investigator's license because he was "having some problems in the police department and was unsure of [his] future." He further stated that affiliation with a business was necessary to obtain an investigator's license.

and capricious or characterized by an abuse of discretion, and/or was unsupported by evidence. A hearing was held on December 16, 2008, and, in an order entered on January 14, 2009, the trial court upheld the Commission's decision, finding that there existed material and substantial evidence in support of the decision and that there was no evidence supporting Mr. Scales' assertion of "any irregularity or due process violation." The court found that Mr. Scales' conduct was deceitful and dishonest, that his secondary employment was of a type forbidden by the Department's general orders, and that he failed to reveal the true nature of his secondary employment, "exacerbating his initial dishonesty." Mr. Scales appeals.

## II. Statement of the Issues

Mr. Scales, acting pro se, does not ask this Court to address the merits of the trial court's decision; in fact, each section of his brief on appeal contains the following language: "The Appellant seeks not to petition the Appellate [Court] to review this matter factually, or to evaluate its factual weight upon the case therein - unless of course it chooses to do so proactively." Instead, Mr. Scales complains that the trial court erred as a matter of law in entering a final judgment when there remained unresolved claims and that, therefore, the matter is not ripe for appeal pursuant to Rule 3(a), Tenn. R. App. P.[4] Specifically, Mr. Scales contends that issues regarding the hearing before the ALJ raised in his Amended Petition for Judicial Review were unresolved by the trial court, including: his allegation that one of the witnesses testified on cross-examination contrary to his direct examination, thereby committing perjury; that one page copied from the CIS website was destroyed by an employee of the Department, thereby constituting spoliation of evidence; and that the Department failed to produce a videotape of an interview of him conducted during its investigation for use during the hearing, thereby failing to comply with his discovery request. He also contends that the trial court erred in failing to presume an adverse inference from the Department's alleged spoliation of evidence.

## III. Analysis

We must first address Mr. Scales' contention that, since there were unresolved matters in the trial court, the order from which he has taken his appeal was not final for purposes of appeal, i.e, that it did not adjudicate all the claims raised.[5] This is without merit. As more

---

[4] Rule 3(a), Tenn. R. App. P., states that "if multiple parties or multiple claims for relief are involved in an action, any order that adjudicates fewer than all the claims or the rights and liabilities of fewer than all the parties is not enforceable or appealable."

[5] It does not appear from the record that Mr. Scales raised this issue at the trial court level by seeking to alter or amend the order or a specific declaration from the court pursuant to Rule 54.02, Tenn. R. Civ. P.,

(continued...)

fully set forth hereinafter, the allegations of perjured testimony, spoliation of the evidence, and discovery violations were not claims requiring adjudication as contemplated by Rule 54.02, Tenn. R. Civ. P., but were, in fact, assertions raised in support of his request that the court review and overturn the Commission's decision to uphold his termination, pursuant to the provisions of Tenn. Code Ann. § 4-5-322. The court fully performed its function of reviewing the administrative record and it is that decision that we review.

Judicial review of decisions of commissions is governed by the narrow standard contained in Tenn. Code Ann. § 4-5-322(h) rather than the broad standard of review used in other civil appeals. *Wayne County v. Tennessee Solid Waste Disposal Control Bd.*, 756 S.W.2d 274, 279-80 (Tenn. Ct. App. 1988). A court will modify or reverse the decision of the commission if the petitioner's rights have been prejudiced because the administrative findings, inferences, conclusions or decisions are:

1) In violation of constitutional or statutory provisions;
2) In excess of the statutory authority of the agency;
3) Made upon unlawful procedure;
4) Arbitrary or capricious or characterized by abuse of discretion or clearly unwarranted exercise of discretion; or
5) (A) Unsupported by evidence which is both substantial and material in the light of the entire record.
   (B) In determining the substantiality of evidence, the court shall take into account whatever in the record fairly detracts from its weight, but the court shall not substitute its judgment for that of the agency as to the weight of the evidence on questions of fact.

Tenn. Code Ann. § 4-5-322(h). When we review the decision of the trial court, we are to determine whether the trial court properly applied the standard of review found at Tenn. Code Ann. § 4-5-322(h). *See Jones v. Bureau of TennCare*, 94 S.W.3d 495, 501 (Tenn. Ct. App. 2002) (quoting *Papachristou v. Univ. of Tennessee,* 29 S.W.3d 487, 490 (Tenn. Ct. App. 2000)). Upon a review of this record, we determine that the trial court properly reviewed the record and, accordingly, affirm the decision of the trial court.

Mr. Scales asserts that his right to due process was "severely and unjustly crippled" by the ALJ's allowance of the alleged perjury of Detective Ron Carter, a Department employee in the Office of Professional Accountability, who testified on direct examination that he printed out a copy of the CIS website and on cross examination that he never went

---

[5](...continued)
that it was a final order.

to the website nor printed it out. Mr. Scales' attorney, however, was afforded the opportunity to rebut Detective Carter's statements during cross examination and the ALJ, as the finder of fact, was in the best position to weigh the asserted conflicting testimony and determine the credibility of the witness. *Ford v. Ford*, No. 03A01-9606-CH-00197, 1996 WL 555230, at *2 (Tenn. Ct. App. Oct. 1, 1996) ("Where the evidence is conflicting, the weight and credibility of the testimony is for the finder of fact.").

Mr. Scales also contends that Officer Chris Gilder, the Department's advocate during its investigation of the matter, spoiled evidence when, in the course of his investigation, he printed the CIS website and improperly discarded the last page; Mr. Scales asserts that his case was thereby adversely affected. At the ALJ hearing, Officer Gilder admitted that he discarded the last page, explaining that "there was no content on [it]"; Mr. Scales asserted that the last page contained a disclaimer which was evidence that he was not, in fact, performing investigative services through CIS. Mr. Scales' attorney thoroughly examined Officer Gilder regarding this alleged spoliation of evidence and the disclaimer was introduced as an exhibit through other printed versions of the CIS website.[6] Thus, the evidence was not destroyed. The ALJ was in the best position to weigh the testimony of Officer Gilder and Mr. Scales and, to the extent any inference was to be taken from Officer Gilder's handling of the evidence he accumulated in the course of his investigation or his testimony at trial, to make such inference. Likewise, Mr. Scales' contention that the trial court erred in failing to draw an adverse inference is without merit.[7]

Mr. Scales lastly asserts that his case was "crippled" because Lieutenant Gordon Howey, a Department employee in the Office of Professional Accountability, failed to produce a video recording of an interview he took of Mr. Scales during the Department's investigation of the matter; Mr. Scales contends that the recording captured an exchange where he informed Lieutenant Howey that the CIS website had a disclaimer and provided him with a printed copy of the disclaimer. At the ALJ hearing, Lieutenant Howey testified that he did not remember such an exchange and that he had never seen a request for the recording; he did bring an audio recording of the same interview to the hearing for Mr. Scales but did not produce the video recording. Mr. Scales states that his intended use for the video recording was to prove that he informed the Department about the website

---

[6] The CIS disclaimer stated that CIS was not open for business and that the website was "exclusively for experimentation in webpage design."

[7] While Mr. Scales asserts that the trial court conducted a *de novo* review, the trial court's review was not *de novo* but, rather, was properly limited to the standard set forth at Tenn. Code Ann. § 4-5-322, which directs the court to determine whether substantial and material evidence exists in the record to support the agency's decision. The re-weighing of evidence with an adverse inference, as asserted by Mr. Scales, is not a function of the trial court in an appeal of a decision of an administrative agency.

disclaimer during its investigation; we see no reason, however, why Mr. Scales could not accomplish this goal with the audio recording.[8]

In addition to the above assertions of unlawful procedure, Mr. Scales' Amended Petition also alleged that the Commission's decision was arbitrary and capricious, was an abuse of discretion, and was unsupported by substantial and material evidence. Mr. Scales does not address any of these claims in his brief on appeal and specifically states that he is not challenging the factual basis upon which the court's judgment was made. We have, nevertheless, reviewed the record and have determined that the trial court properly determined that there was substantial and material evidence in support of the Commission's decision.

## IV. Conclusion

For the reasons set forth above, the trial court's judgment is AFFIRMED. Costs of this appeal are assessed against Mr. Scales for which execution may issue if necessary.

_____
RICHARD H. DINKINS, JUDGE

---

[8] Furthermore, it is not evident from the record that Mr. Scales ever made a request for such recordings, other than as argued by his counsel and as testified to by him. Mr. Scales' attorney attempted to introduce letters that requested the video recording from the Department as an exhibit during the examination of Lieutenant Howey. Upon the objection of the Department's counsel, however, the ALJ denied the introduction of the letters at that time since Lieutenant Howey had no knowledge of them. Mr. Scales' attorney then attempted to enter the letters as an exhibit through Mr. Scales' testimony and, upon the objection of the Department's counsel, the ALJ decided to review the letters off the record. When the proceedings were placed back on the record, Mr. Scales' attorney asked him one additional question and then closed the examination without entering the letters into evidence. There is no indication as to why the letters were not entered into evidence or an offer of proof made; also, the record does not show the substance of any discussions held off the record.